*1242 OPINION.
James:
There is presented in this appeal the questions of law whether, under section 326 of the Revenue Act of 1918, the taxpayer’s invested capital is to be computed on the basis of “actual value of tangible property, other than cash, bona fide paid in for stock or shares,” or whether there is to be read into that section a limitation that, regardless of actual value, property which is purchased at a foreclosure sale may not thereafter be paid in to a corporation by the purchasers for stock or shares and such stock or shares included in invested capital at a value in excess of the price then paid.
The Commissioner relies upon article 836 of Regulations 45, which, so far as material, reads as follows:
No claim will be allowed for a paid-in surplus in a case in which the additional value has been developed or ascertained subsequently to the date on which the property was paid in to the corporation, or in respect of property which the stockholders or their agents on or shortly before the date of such payment acquired at a bargain price, as for instance, at a receiver’s sale.
In so far as the above regulation expresses a mere rule of evidence as to the value of property so acquired, it is consistent with the decision of this Board in the Appeal of The Hotel de France Co., 1 B. T. A. 28. We see no reason to regard the receiver’s sale or any other sale as more than evidence of value, and where, as in this appeal, the preponderance of the evidence is that the actual value was otherwise, the plain language of the statute must be followed and invested capital allowed on the basis of the actual value of the prop *1243 erty paid in for stock. The Commissioner stipulates that the value of the property was at least $205,400, which in our opinion entirely disposes of the matter.
The Commissioner relies upon the well-known doctrine that directors or promotors may not make a concealed profit in their dealings with the transfer of property to a corporation. It would, perhaps, be sufficient to dispose of this contention by saying that there is no evidence before the Board that there was any concealed profit, but, on the contrary, all of the stock was issued to the purchasers of the property at the foreclosure sale, presumably in proportion to their contributions of cash required for that purpose. Apparently, the Commissioner places some significance upon the words “bona fide ” as contained in section 326 (a) (2). It seems to be his position that, under that section, before property can be paid in in good faith, there must have been strict compliance with all equitable rules involving the making of concealed profits, or, indeed, profits at all, by promoters, directors or prospective stockholders in connection with the transfer of property under the conditions existing in this and similar cases.
It seems to us more reasonable to interpret this section of the statute with reference to the effect, in terms of taxation, of the language used. We believe that what Congress was contemplating was the more or less notorious practice of issuing “ watered ” stock by corporations, the effect of which on invested capital would be, if actual values were not used, to allow a much greater exemption from excess-profits and war-profits taxes than the actual investment of the stockholders of the corporation warranted. This point has been fully discussed in the Appeal of Central Consumers Wine & Liquor Co., 1 B. T. A. 1190, and requires no further explanation here.